**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BPZ Resources, Inc., | § | Case No.: 15-60016 |
| | § | |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9007 SEEKING AUTHORITY TO IMPLEMENT CERTAIN NOTICE PROCEDURES**

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE BANKRUPTCY COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

** A HEARING ON THIS MOTION HAS BEEN SCHEDULED FOR TUESDAY, MARCH 10, 2015 AT 1:00 P.M. (CST) IN COURTROOM 400 AT THE BANKRUPTCY COURT LOCATED AT 515 RUSK AVENUE HOUSTON, TEXAS 77002.

IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

BPZ Resources, Inc. (the "Debtor") submits the *Debtor's Emergency Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9007 Seeking Authority to*

*Implement Certain Notice Procedures* (the "Motion").[1]  In support of its Motion, BPZ respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Debtor's chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought hereby is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. PROCEDURAL STATUS

2. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court").

3. The Debtor continues to operate its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in this case, and no request has been made for the appointment of a trustee or an examiner.

## III. FACTUAL BACKGROUND

4. The Debtor is a Texas corporation, which was incorporated in 2007, is headquartered in Houston, Texas, and maintains an office in Victoria, Texas.  Through its non-debtor subsidiaries, the Debtor also maintains offices in Lima and Tumbes, Peru and Quito, Ecuador.  Through its subsidiaries, the Debtor is primarily engaged in the exploration, development and production of oil and natural gas in Peru.  A description of the Debtor's

---

[1] Capitalized terms used but not otherwise defined herein have the meanings attributed to them in the *Declaration of J. Durkin Ledgard in Support of First Day Motions* (the "Ledgard Declaration") filed contemporaneously herewith.

2

business operations, capital structure and the events leading up to the Petition Date, as well as the facts and circumstances supporting the relief requested herein, is set forth in detail in the Ledgard Declaration, which is fully incorporated herein by reference.

### IV. RELIEF REQUESTED

5.      The Debtor seeks an order from this Bankruptcy Court, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9007, to implement notice procedures, substantially in the form of the proposed order attached to this Motion (the "Notice Procedures"). The Debtor requests that, to the extent that any of the Notice Procedures conflict with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"), the Uniform Texas Rules for Complex Chapter 11 Bankruptcy Cases, the U.S. Bankruptcy Court for the Southern District of Texas Procedures for Complex Chapter 11 Bankruptcy Cases, and any order regarding procedures for Complex Chapter 11 Cases entered in this chapter 11 case, the Notice Procedures shall govern and supersede such provisions and rules.

6.      The Debtor has identified approximately 150[2] parties-in-interest to whom notice must be given under the Bankruptcy Code, the Bankruptcy Rules and/or the Local Rules. Such notice would be extremely burdensome to the Debtor, costly to its estate and, in many instances, unnecessary, as many matters have no bearing on certain parties. Accordingly, the Debtor requests the Bankruptcy Court approve the proposed Notice Procedures that will afford due and adequate notice to all parties-in-interest without burdening the Debtor's estate with substantial administrative costs.

---

[2]    This amount does not include the holders of the Debtor's publically held equity securities.

## V. THE NOTICE PROCEDURES

7. The Debtor submits that the following Notice Procedures should be implemented for the administration of the Debtor's case.

### A. Master Service List

8. In order to alleviate the enormous and costly administrative burden of serving approximately 150 parties-in-interest (in addition to equity security holders) with each of the voluminous filings generally filed in a Complex Chapter 11 Case, the Debtor proposes to create a master service list (the "Master Service List") that would include the following parties, and/or their counsel, if requested:

(1) the Debtor and the Debtor's professionals;

(2) the Debtor's Claims, Balloting and Noticing Agent, Kurtzman Carson Consultants LLC ("KCC");

(3) the United States Trustee for the Southern District of Texas;

(4) Wells Fargo, as Indenture Trustee for the 2015 Notes and for the 2017 Notes;

(5) Akin Gump Strauss Hauer & Feld LLP, as counsel for the Ad Hoc Group;

(6) the 20 largest unsecured creditors of the Debtor;

(7) the United States Attorney's Office;

(8) the Securities and Exchange Commission;

(9) the Internal Revenue Service;

(10) all statutory committees appointed in this case;

(11) all parties requesting notice under Bankruptcy Rule 2002; and

(12) all parties on whom the Bankruptcy Court orders notice.

9. The Debtor's initial proposed Master Service List is attached hereto as Exhibit A. The Debtor will update the Master Service List to include those persons or parties that have

made a written request to be included on the Master Service List: (i) every seven (7) days during the first thirty (30) calendar days of this case, (ii) every fifteen (15) days during the next sixty (60) calendar days and (iii) monthly thereafter throughout the pendency of this case. The Debtor will file with the Bankruptcy Court a notice of each updated Master Service List.

10. The Debtor proposes to serve each party listed on the Master Service List with a copy of every motion, application, notice, brief, objection, response, memorandum, affidavit, declaration or other writing filed in this case (including notices and orders entered by the Bankruptcy Court, but not including proofs of claim or proofs of interest) (collectively, the "Filings" and, each, a "Filing"). The Debtor proposes to serve the parties on the Master Service List by either standard mail, email or facsimile. Upon completion of noticing, the Debtor's proposed claims, balloting and noticing agent, KCC, shall file with the Bankruptcy Court either an affidavit or certification of service and an attached list of parties receiving notice within three (3) business days of service.

      **B.**    **Service of Pleadings**

11. Parties filing pleadings and other documents with the Clerk of the Bankruptcy Court shall serve the parties on the Master Service List by U.S. mail or hand delivery. Parties may, alternatively, serve all pleadings or other documents by email or facsimile upon parties listed on the Master Service List if the Master Service List includes the party's email or facsimile information.

      **C.**    **Notice to Other Parties-In-Interest**

12. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the exception of the following: (i) the Order approving the Notice Procedures; (ii) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (iii) the time fixed for filing proofs of

claim pursuant to Bankruptcy Rule 3003(c); (iv) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization; and (v) notice and transmittal of ballots for accepting or rejection a plan of reorganization. Notice of the foregoing matters would be given to all parties-in-interest listed on the Debtor's creditor matrix (the "Creditor Matrix") by either first-class U.S. mail, email, or facsimile.

13. All Filings will be made available to all parties-in-interest on a public web site maintained by KCC. Contemporaneously with this Motion, the Debtor has filed a Motion to employ KCC as the Debtor's claims, balloting and notice agent. The Debtor proposes that KCC design, maintain and operate a website, http://www.kccllc.net/BPZ, in connection with this chapter 11 case (the "Case Information Website"). The Debtor intends to post certain information regarding this case on the Case Information Website, including Filings for this chapter 11 case. The Case Information Website will be accessible to the general public.

**D. Notice to Affected Parties**

14. Additionally, with respect to parties not listed on the Master Service List but whose rights may be directly affected by a particular Filing (an "Affected Party"), the Debtor proposes to serve that Filing on the Affected Party. The Debtor proposes to serve any Affected Party by either standard first-class U.S. mail, email or facsimile.

**VI. BASIS FOR RELIEF**

15. The Debtor respectfully submits that the relief requested herein is appropriate under the Bankruptcy Code. Bankruptcy Rule 9007 grants the Bankruptcy Court general authority to regulate notices in a manner that avoids unnecessary costs and delay. *See* Fed. R. Bankr. P. 9007. Furthermore, pursuant to section 105(a) of the Bankruptcy Code, "[t]he court

may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Approval of the Notice Procedures is in the best interests of the Debtor's estate. The Notice Procedures will not impair the right of a party whose interest is directly affected by a particular matter to receive all Filings related to that matter. By contrast, the Notice Procedures will promote the Debtor's reorganization efforts by preserving assets that otherwise would be consumed by unnecessary copying, postage and related expenses.

### VII. SIMILAR RELIEF GRANTED

17. Bankruptcy courts within this district have routinely granted substantially similar relief. *See, e.g., In re Buccaneer Res., LLC*, No. 14-60041, Docket No. 15 (Bankr. S.D. Tex. June 2, 2014); *In re Autoseis, Inc.*, No. 14-20130, Docket No. 70 (Bankr. S.D. Tex. Mar. 28, 2014); *In re ATP Oil & Gas Corp.*, No. 12-36187, Docket No. 132 (Bankr. S.D. Tex. Aug. 17, 2012); *In re Seahawk Drilling, Inc.*, No. 11-20089, Docket No. 49 (Bankr. S.D. Tex. Feb. 14, 2011).

### VIII. NOTICE

18. Notice of this Motion has been provided by overnight delivery and electronic mail or facsimile to: (a) Wells Fargo, as Indenture Trustee for the 2015 Notes and for the 2017 Notes; (b) Akin Gump Strauss Hauer & Feld LLP, as counsel for the Ad Hoc Group; (c) the 20 largest unsecured creditors of the Debtor; (d) United States Attorney's Office; (d) the United States Trustee for the Southern District of Texas; (e) the Securities and Exchange Commission; and (f) the Internal Revenue Service. The Debtor believes that the notice provided is fair and adequate and that no further notice is necessary.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

Dated: March 9, 2015

Respectfully submitted,

HAWASH MEADE GASTON NEESE & CICACK LLP

By: /s/ Walter J. Cicack
WALTER CICACK
Texas State Bar No. 04250535
2118 Smith Street
Houston, Texas 77002
Telephone: (713) 658-9001
Facsimile: (713) 658-9011

and

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen (*pro hac vice* application pending)
Frank A. Merola (*pro hac vice* application pending)
Matthew G. Garofalo (*pro hac vice* application pending)
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

PROPOSED ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION