**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BPZ Resources, Inc., | § | Case No.: 15-60016 |
| | § | |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION FOR AN ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, AND (II) WAIVING REQUIREMENT TO FILE LIST OF EQUITY SECURITY HOLDERS**

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE BANKRUPTCY COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

** A HEARING ON THIS MOTION HAS BEEN SCHEDULED FOR TUESDAY, MARCH 10, 2015 AT 1:00 P.M. (CST) IN COURTROOM 400 AT THE BANKRUPTCY COURT LOCATED AT 515 RUSK AVENUE HOUSTON, TEXAS 77002.

IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

BPZ Resources, Inc. (the "Debtor") submits the *Debtor's Emergency Motion for an Order (I) Extending Time to File Schedules and Statements of Financial Affairs, and*

*(II) Waiving Requirement to File List of Equity Security Holders* (the "Motion").[1]  In support of its Motion, the Debtor respectfully states as follows:

### I.     JURISDICTION AND VENUE

1. This Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicate for the relief sought hereby is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### II.    PROCEDURAL STATUS

2. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court").

3. The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in this case, and no request has been made for the appointment of a trustee or an examiner.

### III.   FACTUAL BACKGROUND

4. The Debtor is a Texas corporation, which was incorporated in 2007, is headquartered in Houston, Texas, and maintains an office in Victoria, Texas.  Through its non-debtor subsidiaries, the Debtor also maintains offices in Lima and Tumbes, Peru and Quito, Ecuador.  Through its subsidiaries, the Debtor is primarily engaged in the exploration, development and production of oil and natural gas in Peru.  A description of the Debtor's

---

[1] Capitalized terms used but not otherwise defined herein have the meanings attributed to them in the *Declaration of J. Durkin Ledgard in Support of First Day Motions* (the "Ledgard Declaration") filed contemporaneously herewith.

2

business operations, capital structure and the events leading up to the Petition Date, as well as the facts and circumstances supporting the relief requested herein, is set forth in detail in the Ledgard Declaration, which is fully incorporated herein by reference.

## IV. RELIEF REQUESTED

5. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtor is required to file: (i) a schedule of assets and liabilities; (ii) a statement of financial affairs; (iii) a schedule of current income and expenditures; (iv) a statement of executory contracts and unexpired leases (clauses (i) through (iv) collectively, the "<u>Schedules and Statements</u>"); and (v) a list of the Debtor's equity security holders within fourteen (14) days after the Petition Date.

6. By this Motion, the Debtor seeks: (i) an extension of the time to file its Schedules and Statements for an additional thirty (30) days, through and including April 22, 2015 (a total of forty-four (44) days from the Petition Date), without prejudice to the Debtor's ability to request additional time should it become necessary; and (ii) and waiving the requirement to file a list of equity security holders.

## V. BASIS FOR RELIEF

### A. Request for Extension of Deadline to File Schedules and Statements

7. Bankruptcy Rule 1007(c) authorizes the Bankruptcy Court to grant an extension of the date by which the Schedules and Statements must be filed "on motion for cause shown." Fed. R. Bankr. P. 1007.

8. The Debtor respectfully submits that there is ample "cause" for justifying the requested extension. Due to the size and complexity of the Debtor's business operations (including the operations of the Debtor's non-debtor subsidiaries), and the substantial burden

already imposed on their management by the commencement of this chapter 11 case, the Debtor has not yet finished the process of preparing and filing the Schedules and Statements. In view of the numerous critical operational and restructuring matters that the Debtor must address in the initial phases of this case, the Debtor anticipates that it will be unable to complete the Schedules and Statements within fourteen (14) days after the Petition Date.

9. The Debtor submits that focusing the attention of key accounting and legal personnel on critical operational and restructuring matters within the next two weeks will facilitate the Debtor's smooth transition into chapter 11 and maximize the value of the Debtor's estate to the benefit of creditors and all parties-in-interest. Moreover, creditors and other parties-in-interest will not be prejudiced by the proposed extension of the date by which the Schedules and Statements must be filed because the Schedules and Statements would be filed in advance of any planned claims bar date in the chapter 11 case.

10. Accordingly, the Debtor respectfully requests that the Bankruptcy Court extend by thirty (30) days the date by which the Schedules and Statements must be filed, pursuant to Bankruptcy Rule 1007(c), from March 23, 2015, the date the Schedules and Statements are otherwise required to be filed, through and including April 22, 2015. The Debtor estimates that such an extension would provide sufficient time for the Debtor to prepare and file the Schedules and Statements. The Debtor hereby requests such an extension without prejudice to the Debtor's right to seek any further extension(s) of the date by which the Schedules and Statements must be filed.

B. **Request for Waiver of Requirement to File List of Equity Security Holders**

11. Rule 1007(a)(3) of the Bankruptcy Rules provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the

4

debtor's equity security holders." Fed. R. Bankr. P. 1007. The Debtor is a public company, and as of the Petition Date, has issued in excess of 118 million shares of common stock. The Debtor submits that preparing a list of its equity security holders with last-known addresses will be expensive and time consuming, and as such, cause exists for the Bankruptcy Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the list.

12. Furthermore, subject to the entry of an order by this Bankruptcy Court granting the *Debtor's Emergency Application for Entry of Order Authorizing the Retention and Appointment of Kurtzman Carson Consultants LLC as Notice, Claims, and Balloting Agent*, filed concurrently herewith, a copy of every motion, application, notice, brief, objection, response, memorandum, affidavit, declaration or other writing filed in this case shall be made available to all parties-in-interest on a public web site, http://www.kccllc.net/BPZ, maintained by the Debtor's proposed claims, balloting and noticing agent, Kurtzman Carson Consultants LLC. Accordingly, from the outset of this case, parties will have access to information regarding the case.

13. Bankruptcy Rule 1007 provides that a court may alter the filing requirements thereunder. Additionally, section 105(a) of the Bankruptcy Code also empowers the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtor submits that the relief requested is appropriate in this chapter 11 case and is within the Bankruptcy Court's powers.

14. Accordingly, the Debtor respectfully requests that the Bankruptcy Court waive the requirement that the Debtor file a list of equity security holders with the Bankruptcy Court.

## VI. SIMILAR RELIEF GRANTED

15. Furthermore, courts in this district have granted similar relief in other cases. *See*, *e.g.*, *In re Buccaneer Res., LLC*, No. 14-60041, Docket No. 73 (Bankr. S.D. Tex. June 9, 2014) (granting 14-day extension); *In re Autoseis, Inc.*, No. 14-20130, Docket No. 63 (Bankr. S.D. Tex. Mar. 27, 2014) (granting 46-day extension and waiving requirement to file list of equity security holders); *In re ATP Oil & Gas Corp.*, No. 12-36187, Docket No. 133 (Bankr. S.D. Tex. Aug. 21, 2012) (granting 30-day extension); *In re TMT USA Ship Mgmt. LLC*, No. 13-33763, Docket No. 42 (Bankr. S.D. Tex. June 27, 2013) (granting 30-day extension).

## VII. NOTICE

16. Notice of this Motion has been provided by overnight delivery and electronic mail or facsimile to: (a) Wells Fargo, as Indenture Trustee for the 2015 Notes and for the 2017 Notes; (b) Akin Gump Strauss Hauer & Feld LLP, as counsel for the Ad Hoc Group; (c) the 20 largest unsecured creditors of the Debtor; (d) United States Attorney's Office; (d) the United States Trustee for the Southern District of Texas; (e) the Securities and Exchange Commission; and (f) the Internal Revenue Service. The Debtor believes that the notice provided is fair and adequate and that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

Dated: March 9, 2015

Respectfully submitted,

HAWASH MEADE GASTON NEESE & CICACK LLP

By:     /s/ Walter J. Cicack
　　　　WALTER CICACK
　　　　Texas State Bar No. 04250535
　　　　2118 Smith Street
　　　　Houston, Texas 77002
　　　　Telephone: (713) 658-9001
　　　　Facsimile: (713) 658-9011

and

STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen (*pro hac vice* application pending)
Frank A. Merola (*pro hac vice* application pending)
Matthew G. Garofalo (*pro hac vice* application pending)
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

PROPOSED ATTORNEYS FOR THE DEBTOR AND
DEBTOR-IN-POSSESSION