## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BPZ Resources, Inc., | § | Case No.:  15-60016 |
| | § | |
| | § | |
| Debtor. | § | |

## STATEMENT OF FINANCIAL AFFAIRS FOR BPZ RESOURCES, INC.

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

--------------------------------------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| *In re:* | § | **Chapter 11** |
| | § | |
| **BPZ Resources, Inc.,** | § | **Case No. 15–60016** |
| | § | |
| Debtor. | § | |

---

### GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

BPZ Resources, Inc. (the "**Debtor**"), as debtor-in-possession in the above-captioned Chapter 11 case, with the assistance of its advisors, has filed its Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**Statement**," and together with the Schedules, the "**Schedules and Statement**") with the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "**Bankruptcy Court**"), pursuant to Section 521 of Title 11, United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### <u>Overview of General Notes</u>

These general notes regarding the Debtor's Schedules and Statement (the "**General Notes**") set forth the basis upon which the Schedules and Statement are presented. These General Notes are incorporated by reference in, and comprise an integral part of, the Schedules and Statement. The General Notes should be referred to, considered and reviewed in connection with any review of the Schedules and Statement.

The Schedules and Statement have been signed by J. Durkin Ledgard, Chief Legal Officer of the Debtor. Mr. Ledgard has necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel employed by the Debtor and of the Debtor's professionals. Mr. Ledgard has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and the creditors' addresses.

Although the Debtor's management has made every reasonable effort to ensure that the Schedules and Statement are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statement, and inadvertent errors or omissions may exist. The information provided herein, except as otherwise noted, is as of the close of business on March 9, 2015 (the "**Petition Date**").

The Schedules and Statement contain unaudited information and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), and they are not intended to be fully reconciled to the financial statements.  Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statement.  **The Schedules, Statement, and General Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtor.**

### General Disclosures Applicable to Schedules and Statements

1.  **Reservation of Rights.**  Nothing contained in the Schedules and Statement shall constitute an admission or a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtor against any third party, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the General Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.  **Confidential.**  Addresses of current and former employees, including but not limited to directors, of the Debtor are generally not included in the Schedules and Statement.  Additionally, because of the nature of certain agreements between the Debtor and certain third parties, the Debtor has deemed it appropriate and necessary to avoid listing certain names and addresses in the Schedules and Statement.  Accordingly, there are instances within the Schedules and Statement where names or addresses have been removed or redacted.  The Debtor will mail any required notice or other documents to the address listed in its books and records for such parties.

3.  **Amendments.**  The Debtor reserves the right to amend and/or supplement the Schedules and Statement as necessary and/or appropriate.

4.  **Presentation of Assets and Liabilities.**  Unless otherwise indicated, each asset and liability of the Debtor is shown on the basis of the net book value of the asset or liability in the Debtor's accounting books and records, as of close of business on the Petition Date, and not on the basis of current market values of such interest in property and/or liabilities.  The value reported for any interests a Debtor may have in a subsidiary, as listed on Schedule B, reflects the net book value of the assets and liabilities of the subsidiary as of the Petition Date.  The Debtor believes that it would be an inefficient use of the assets of the Debtor's estates for the Debtor to obtain the current market value of their assets.  Accordingly, the Debtor has indicated in the Schedules and Statement that the value of certain assets and liabilities is undetermined.  The Debtor reserves the right to amend or adjust the value of each asset or liability set forth herein.  The omission of an asset from the Schedules and Statement does not constitute a representation regarding the ownership of the assets, and any such omission shall not constitute a waiver of any and all rights of the Debtor with respect to that particular asset.

5. **Excluded Assets and Liabilities.** The Debtor believes that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtor have excluded the following items which may be included in their GAAP financial statements from the Schedules: certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, trusts, certain prepaid and other current assets considered to have no market value, goodwill, and deferred gains. Other non-material assets and liabilities may also have been excluded.

6. **Allocation of Liabilities.** The Debtor have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtor also reserves the right to change the allocation of liability to the extent additional information becomes available.

7. **Paid Claims.** Pursuant to orders of the Bankruptcy Court, the Debtor has been granted authority to pay, in their discretion, certain prepetition obligations to employees, utility companies, and insurance companies. Accordingly, to the extent that these liabilities have been satisfied, they are not listed in the Schedules and Statement. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

8. **Claims Description.** Any failure to designate a claim on the Debtor's Schedules and/or Statement as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such claim is not "disputed," "contingent" or "unliquidated." The Debtor reserve all rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules and Statement as to amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." The Debtor reserves all rights to amend their Schedules and/or Statement as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

9. **Recharacterization.** The Debtor have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statement. However, the Debtor may have improperly characterized, classified, categorized, or designated certain items. The Debtor thus reserves all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statement as necessary or appropriate as additional information becomes available.

10. **Causes of Action.** Despite reasonable efforts to identify all known assets, the Debtor may not have identified all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statement, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under

other relevant non-bankruptcy laws to recover assets. The Debtor reserves all rights with respect to any causes of action they may have, and neither these General Notes nor the Schedules and Statement shall be deemed a waiver of any such causes of action.

11. **Insiders.** For purposes of the Schedules and Statement, the Debtor defines "insiders" to include the following: (i) members of the Debtor's board of directors; (ii) officers of the Debtor; (iii) shareholders holding in excess of 5% of the voting shares the Debtor (whether directly or indirectly); (iv) relatives of (i) – (iii) (to the extent known by the Debtor); and (v) non-Debtor affiliates. The listing of a party as an "insider" is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby expressly reserved. Information regarding the individuals listed as "insiders" in the Schedules and Statement has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtor, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtor, or whether such individual could successfully argue that he or she is not an "insider" under applicable law, including federal securities laws, or with respect to any theories of liability or any other purpose.

12. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtor may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules and Statement. Nothing in the Schedules and Statement is, or shall be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect thereto. Further the Debtor's non-debtor affiliate, BPZ Energy LLC, is the owner, lessee or holder of certain office space, furniture, equipment or other fixtures that is used by the Debtor. The value, if any, to the Debtor of this use has not been evaluated and is not recorded in the Schedules and Statement.

13. **Guarantees and Other Secondary Liability Claims.** The Debtor has exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in Schedule G. The Debtor may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtor reserves all its rights, but is not required, to amend the Schedules if additional guarantees are identified.

14. **Intellectual Property.** Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

15. **Intercompany Claims.** Receivables and payables among the Debtor and non-debtor affiliates are reported on Schedules B16 and F, respectively. Intercompany transfers are

reported on Statement question 23.  These Intercompany Claims may or may not result in allowed or enforceable claims by or against the Debtor, and by listing these claims the Debtor is not indicating a conclusion that the Intercompany Claims are enforceable. Intercompany Claims also may be subject to set off, recoupment and netting not reflected in the Schedules and Statement. In situations where there is not an enforceable claim, the assets and/or liabilities of the Debtor may be greater or less than the amounts stated in the Schedules and Statement For additional information about the Debtor's intercompany transactions and related cash management protocols, see *Debtor's Motion for an Order Authorizing (1) Maintenance of Pre-Petition Bank Accounts and Cash Management System (2) Continued Use of Business Forms and (3) Continuation of Current Investment Practices Pursuant to Sections 105(a), 345(b) and 363(c) Bankruptcy Code*, dated March 9, 2015 (D.I. 8).

16.   **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17.   **Totals.**  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

18.   **Setoffs.**  The Debtor has not offset amounts listed on Schedules B, D, E or F. Nonetheless, some amounts listed may have been affected by setoffs by third parties of which the Debtor are not yet aware.  The Debtor reserves all rights to challenge any setoff and/or recoupment rights which may be asserted.

19.   **Unliquidated Claim Amounts.**  Claim amounts that could not be fairly quantified by the Debtor are scheduled as "unliquidated."

20.   **Unknown or Undetermined Amounts.**  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTOR'S SCHEDULES

21.   **Schedule B2 – Bank Account Information**.  Following the Petition Date, the Debtor opened two bank accounts with Frost Bank in Houston, Texas.  Such bank accounts are not included in the Schedules and Statement.

22.   **Schedule B13 – Interests in Subsidiaries**. Ownership interests in incorporated and unincorporated businesses, including subsidiaries, listed on Schedule B13 reflect the Debtor's recorded book value in directly owned subsidiaries after making certain adjustments for that subsidiary's accumulated losses recorded on the books through the Petition Date.  These amounts may not constitute fair market value.  The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the listed net book value.

23.   **Schedule B16—Accounts Receivable.** The Debtor is a holding company and does not have trade receivables. The intercompany receivables reflected herein are based on actual cash transfers the Debtor made to non-Debtor affiliates, offset by accumulated losses recorded on the Debtor's books in the manner described in paragraph 22.  As set forth in

paragraph 15 above, such intercompany receivables may or may not result in allowed or enforceable claims by the Debtor.

24. **Schedule E—Creditors Holding Unsecured Priority Claims.** Pursuant to the *Order: (1) Authorizing the Debtor to Pay Pre-Petition Wages, Reimbursable Expenses, Employee Benefits and Other Compensation; (2) Directing All Banks to Honor Certain Related Pre-Petition Transfers; and (3) Granting Related Relief* (D.I. 30), the Debtor has been granted the authority to pay, in their discretion, certain prepetition employee obligations, and related costs. Accordingly, any unsecured priority claims based upon wage, severance and commission obligations that existed as of the Petition Date and were subsequently satisfied are not listed on Schedule E.

25. **Schedule F—Creditors Holding Unsecured Nonpriority Claims.** The liabilities identified in Schedule F are derived from the Debtor's books and records, which may or may not be completely accurate, but represent a reasonable attempt by the Debtor to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtor may vary from the represented liabilities.

   The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for some claims in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtor has not listed a date for each claim listed on Schedule F.

26. **Schedule G—Executory Contracts.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtor may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements.

   The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim. Certain confidentiality and nondisclosure agreements may not be listed on Schedule G. The Debtor reserves all of their rights with respect to such agreements.

   Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, work orders, service orders, charter orders, amendments,

restatements, waivers, letters, and other documents that may be listed on Schedule G or that may be listed as a single entry.  The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract.  The Debtor reserves the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is <u>not</u> an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

## <u>SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTOR'S STATEMENT</u>

27.     **<u>Question 1—Income from Employment or Operation of Business</u>**. The Debtor's income or loss before income taxes represents the combined income or loss from its direct and indirect wholly-owned subsidiaries recorded on the Debtor's books through the Petition Date.

28.     **<u>Question 3 – Payments to Creditors.</u>**  The amounts listed in Statement 3b reflect the Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtor's cash management system.  Additionally, the Debtor's disbursements to its employees for salaries, commissions, bonuses, severance and similar payments are administered through PaySystems of America.  Accordingly, Statement 3b does not reflect disbursements to individual employees for such amounts, but rather reflects aggregate payments to PaySystems of America.  Certain payments to employees, including insiders, for expense reimbursements are listed on Statement 3b on an individual basis.  In addition, payments to the Board of Directors for their fees made 90 days before filing are recorded here and on Question 23 of the Statement.  Finally, the Debtor has included all information required in Statement 3c in Statement 23.

29.     **<u>Question 14 – Property Held for Another Person</u>**.  The Debtor's non-debtor affiliate, BPZ Energy LLC, is the owner, lessee or holder of certain office space, furniture, equipment or other fixtures that is used by the Debtor.  Such property is not included in the Statement.

30.     **<u>Question 23 – Withdrawals from a Partnership or Distributions by a Corporation</u>**. Because of the duplicative nature of the claims, payments to insiders normally report in

Question 3c have been listed on Question 23.  Question 23 accounts for the Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the Cash Management Motion, in the ordinary course of business the Debtor and its non-Debtor affiliates maintain business relationships with each other, resulting in intercompany transfers. With respect to Intercompany Claims between the Debtor and non-Debtor affiliates, Question 23 reflects actual transfer of funds from the Debtor entity to the non-debtor affiliate.

Certain of the Debtor's insiders received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Question 23 reflect the gross amounts paid to the insider, rather than the net amounts after deducting for tax withholdings.

B7 (Official Form 7) (04/13)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### Southern District of Texas

In re: BPZ Resources, Inc.                                                                    Case No. 15-60016 (DRJ)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

**1. Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
| | ($15,285,232.11) | Income (Loss) Before Income Taxes - January 1, 2015 to March 9, 2015 |
| | ($76,931,756.65) | Income (Loss) Before Income Taxes - January 1, 2014 to December 31, 2014 |
| | ($63,486,285.18) | Income (Loss) Before Income Taxes - January 1, 2013 to December 31, 2013 |

B7 (Official Form 7) (04/13)

**2.  Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | | SOURCE |
|---|---|---|---|
| X | | | |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| | See SOFA 3b Attachment | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| | See SOFA 23 | | | |

B7 (Official Form 7) (04/13)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|------|--------------------------------|----------------------|------------------------------|-----------------------|
| X |  |  |  |  |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|------|----------------------------------------------------------------|-----------------|-----------------------------------|
| X |  |  |  |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|------|----------------------------------------|-----------------------------------------------------------|-----------------------------------|
| X |  |  |  |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|------|------------------------------|--------------------|-----------------------------------|
| X |  |  |  |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|------|-------------------------------|----------------------------------------------|---------------|-----------------------------------|
| X |  |  |  |  |

B7 (Official Form 7) (04/13)

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| | Consulate General of Peru in Houston 5177 Richmond Ste 695 Houston, TX 77056 | None | 6/16/2014 | $3,000.00 |

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | See SOFA 9 Attachment | | |

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| | Wells Fargo, N.A. as Trustee of the 8.5% Convertible Senior Notes due October 2017 750 N St. Paul Pl Ste 1750 MAC T9263-170 Dallas, TX 75201 Lender | 4/16/2014 | $26,000,000 6.5% Convertible Senior Notes due March 2015 $24,960,000 8.5% Convertible Senior Notes due October 2017 |

B7 (Official Form 7) (04/13)

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|------|-------------------------------|------------------------|------------------------------------------------------------------------------------|
| X    |                               |                        |                                                                                    |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|------|--------------------------------|-----------------------------------------------------------------------------------|-----------------------------------|
| X    |                                |                                                                                   |                                   |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|----------------------------------------------|-------------------------------------------------------------------|-------------------------|---------------------------------------|
| X    |                                              |                                                                   |                         |                                       |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|------------------------------|----------------|------------------|
| X    |                              |                |                  |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|---------------------------|-----------------------------------|----------------------|
|      | Raymond James 580 Westlake Park Blvd Ste 500 Houston, TX 77079 | Employee Stock Purchase Plan Account $14,109.65 |                      |

B7 (Official Form 7) (04/13)

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|---|
| | Two Westlake Building<br>580 Westlake Park Ste 525<br>Houston, TX 77079 | BPZ Energy<br>BPZ Energy, Inc.<br>BPZ & Associates Inc | May 5, 2005 to present |

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|---|---|
| X | |

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

B7 (Official Form 7) (04/13)

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|---|
| X | | | |

## 18. Nature, location and name of business

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| | See SOFA 18a Attachment | | | | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

B7 (Official Form 7) (04/13)

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | Jason J Doornik, Controller<br>Address Redacted | November 17, 2008 to present |
| | Richard S Menniti, CFO & Principal Accting Officer<br>Address Redacted | July 1, 2011 to present |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
| | Jason J Doornik, Controller | Redacted | November 17, 2008 to present |
| | Richard S Menniti, CFO & Principal Accting Officer | Redacted | July 1, 2011 to present |
| | BDO USA, LLC, Auditor | 333 Clay St Ste 4700<br>Houston, TX 77002 | 2011 to present |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
| | Jason J Doornik, Controller | Redacted |
| | Richard S Menniti, CFO & Principal Accting Officer | Redacted |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| X | | |

B7 (Official Form 7) (04/13)

**20. Inventories**
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X | | |

**21. Current Partners, Officers, Directors and Shareholders**
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
| | See SOFA 21b Attachment | | |

**22. Former partners, officers, directors and shareholders**
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| X | | | |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| X | | | |

**23. Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | See SOFA 23 Attachment | | |

**24. Tax Consolidation Group.**
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| | BPZ Resources, Inc. | 33-0502730 |

B7 (Official Form 7) (04/13)

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund
to which the debtor, as an employer, has been responsible for contributing at any time within six years
immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|------|----------------------|-------------------------------------|
| X    |                      |                                     |

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing |
|---|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld, LLP | Dept. 7247-6838 | | Philadelphia | PA | 19170-6838 | 1/9/2015 | $125,000.00 | $0.00 |
| Akin Gump Strauss Hauer & Feld, LLP | Dept. 7247-6838 | | Philadelphia | PA | 19170-6838 | 1/26/2015 | $65,701.00 | $0.00 |
| Akin Gump Strauss Hauer & Feld, LLP | Dept. 7247-6838 | | Philadelphia | PA | 19170-6838 | 2/10/2015 | $162,534.50 | $0.00 |
| Akin Gump Strauss Hauer & Feld, LLP | Dept. 7247-6838 | | Philadelphia | PA | 19170-6838 | 3/5/2015 | $400,366.11 | $0.00 |
| ANDREWS KURTH LLP | 600 Travis St. | Suite 4200 | Houston | TX | 10/27/2110 | 12/12/2014 | $19,029.50 | $0.00 |
| Angel Molina | Redacted | | | | | 12/12/2014 | $2,068.13 | $0.00 |
| Angel Molina | Redacted | | | | | 2/13/2015 | $1,371.33 | $0.00 |
| Association of Corporate Counsel | P.O. Box 824272 | | Philadelphia | PA | 19182-4272 | 12/18/2014 | $335.00 | $0.00 |
| AT&T Mobility | PO Box 5019 | | Carol Stream | IL | 60197-5019 | 12/22/2014 | $387.02 | $0.00 |
| AT&T Mobility | PO Box 5019 | | Carol Stream | IL | 60197-5019 | 1/22/2015 | $387.02 | $0.00 |
| AT&T Mobility | PO Box 5019 | | Carol Stream | IL | 60197-5019 | 2/13/2015 | $386.11 | $0.00 |
| Baker & Hostetler LLP | PO Box 70189 | | Cleveland | OH | 44190-0189 | 12/18/2014 | $4,611.00 | $0.00 |
| Baker & Hostetler LLP | PO Box 70189 | | Cleveland | OH | 44190-0189 | 1/22/2015 | $23,243.50 | $0.00 |
| Baker & Hostetler LLP | PO Box 70189 | | Cleveland | OH | 44190-0189 | 2/19/2015 | $37,158.93 | $0.00 |
| Baker & Hostetler LLP | PO Box 70189 | | Cleveland | OH | 44190-0189 | 3/5/2015 | $160,667.00 | $0.00 |
| Baker & Hostetler LLP | PO Box 70189 | | Cleveland | OH | 44190-0189 | 3/6/2015 | $39,333.00 | $0.00 |
| BDO USA, LLP | 333 Clay Street | Suite 4700 | Houston | TX | 10/27/2110 | 12/12/2014 | $21,945.00 | $0.00 |
| BDO USA, LLP | 333 Clay Street | Suite 4700 | Houston | TX | 10/27/2110 | 12/18/2014 | $69,100.00 | $0.00 |
| BDO USA, LLP | 333 Clay Street | Suite 4700 | Houston | TX | 77002 | 1/22/2015 | $20,770.00 | $0.00 |
| BDO USA, LLP | 333 Clay Street | Suite 4700 | Houston | TX | 77002 | 2/13/2015 | $2,310.00 | $0.00 |
| BDO USA, LLP | 333 Clay Street | Suite 4700 | Houston | TX | 77002 | 2/24/2015 | $306,650.00 | $0.00 |
| BDO USA, LLP | 333 Clay Street | Suite 4700 | Houston | TX | 77002 | 2/27/2015 | $2,651.00 | $0.00 |
| Blackstone Advisory Partners L.P. | Peter Laurinaitis | 345 Park Avenue | New York | NY | 10154 | 2/12/2015 | $320,000.00 | $0.00 |
| Blackstone Advisory Partners L.P. | Peter Laurinaitis | 345 Park Avenue | New York | NY | 10154 | 3/3/2015 | $150,000.00 | $0.00 |
| Blackstone Advisory Partners L.P. | Peter Laurinaitis | 345 Park Avenue | New York | NY | 10154 | 3/5/2015 | $11,844.33 | $0.00 |
| BLOOMBERG FINANCE LP | 731 Lexington Avenue | | New York | NY | 10022 | 12/12/2014 | $6,510.67 | $0.00 |
| BLOOMBERG FINANCE LP | 731 Lexington Avenue | | New York | NY | 10022 | 2/27/2015 | $6,402.42 | $0.00 |
| BPZ Exploracion & Produccion, S.R.L. | 580 Westlake Park Blvd. | Suite 525 | Houston | TX | 77079 | 1/27/2015 | $6,000,000.00 | $0.00 |
| BPZ Exploracion & Produccion, S.R.L. | 580 Westlake Park Blvd. | Suite 525 | Houston | TX | 77079 | 3/4/2015 | $7,160,000.00 | $0.00 |
| CGG Services (U.S.) Inc. | 10300 Town Park Drive | | Houston | TX | 77072 | 1/16/2015 | $4,676.40 | $0.00 |
| Chuck Fetzner | Redacted | | | | | 2/09/2015 | $1,178.62 | $0.00 |
| Computershare | 250 Royall St | | Canton | MA | 02021 | 12/29/2014 | $464.58 | $0.00 |
| Computershare | 250 Royall St | | Canton | MA | 02021 | 1/30/2015 | $469.55 | $0.00 |
| Darrell Pavlicek | Redacted | | | | | 12/18/2014 | $1,323.56 | $0.00 |
| Darrell Pavlicek | Redacted | | | | | 1/12/2015 | $3,957.35 | $0.00 |
| David Canales | Redacted | | | | | 12/29/2014 | $297.50 | $0.00 |
| Dennis G. Strauch | Redacted | | | | | 12/29/2014 | $667.55 | $0.00 |
| Dennis G. Strauch | Redacted | | | | | 3/2/2015 | $10,735.89 | $0.00 |
| Diligent Board Member Services Inc. | 1385 Broadway, 19th Floor | | New York | NY | 10018 | 2/27/2015 | $55.16 | $0.00 |
| Diligent Board Member Services Inc. | 1385 Broadway, 19th Floor | | New York | NY | 10018 | 3/6/2015 | $20,437.60 | $0.00 |

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing |
|---|---|---|---|---|---|---|---|---|
| Doornik, Jason J. | Redacted | | | | | 12/29/2014 | $2,905.94 | $0.00 |
| Doornik, Jason J. | Redacted | | | | | 1/12/2015 | $3,363.66 | $0.00 |
| Durkin Ledgard | Redacted | | | | | 12/12/2014 | $3,035.43 | $0.00 |
| Durkin Ledgard | Redacted | | | | | 1/30/2015 | $3,034.58 | $0.00 |
| Durkin Ledgard | Redacted | | | | | 3/6/2015 | $8,662.84 | $0.00 |
| Escobar, Patricia | Redacted | | | | | 12/12/2014 | $300.00 | $0.00 |
| GlobalNewswire | 5200 W. Century Blvd. | Suite 890 | Los Angeles | CA | 90045 | 1/30/2015 | $3,731.00 | $0.00 |
| GMC Inc. | 738 Highway 6 South | Suite 900 | Houston | TX | 77079 | 12/12/2014 | $40,266.25 | $0.00 |
| GMC Inc. | 738 Highway 6 South | Suite 900 | Houston | TX | 77079 | 12/18/2014 | $27,616.50 | $0.00 |
| GMC Inc. | 738 Highway 6 South | Suite 900 | Houston | TX | 77079 | 1/16/2015 | $7,581.00 | $0.00 |
| GMC Inc. | 738 Highway 6 South | Suite 900 | Houston | TX | 77079 | 2/13/2015 | $22,554.90 | $0.00 |
| GMC Inc. | 738 Highway 6 South | Suite 900 | Houston | TX | 77079 | 3/5/2015 | $21,204.00 | $0.00 |
| Gonzalo A. Ruiz | Redacted | | | | | 12/22/2014 | $1,587.74 | $0.00 |
| Gonzalo A. Ruiz | Redacted | | | | | 2/27/2015 | $848.89 | $0.00 |
| Harland Clarke | 15955 La Cantera Parkway | | San Antonio | TX | 78256 | 12/16/2014 | $116.37 | $0.00 |
| Harland Clarke | 15955 La Cantera Parkway | | San Antonio | TX | 2/2114 | 12/23/2014 | $187.06 | $0.00 |
| Hawash Meade Gaston Neese & Cicack L | 2118 Smith Street | | Houston | TX | 77002 | 2/25/2015 | $10,000.00 | $0.00 |
| Heritage Mark | 5606 N. Navarro | Suite 200 | Victoria | TX | 77904 | 2/9/2015 | $2,439.96 | $0.00 |
| Houlihan Lokey Capital, Inc. | John-Paul Hanson | 10250 Constellation Blvd., 5th Floor | Los Angeles | CA | 90067 | 1/5/2015 | $150,000.00 | $0.00 |
| Houlihan Lokey Capital, Inc. | John-Paul Hanson | 10250 Constellation Blvd., 5th Floor | Los Angeles | CA | 90067 | 1/8/2015 | $15,236.46 | $0.00 |
| Houlihan Lokey Capital, Inc. | John-Paul Hanson | 10250 | Los Angeles | CA | 90067 | 2/3/2015 | $150,000.00 | $0.00 |
| Houlihan Lokey Capital, Inc. | John-Paul Hanson | 10250 Constellation Blvd., 5th Floor | Los Angeles | CA | 90067 | 2/12/2015 | $8,948.63 | $0.00 |
| Houlihan Lokey Capital, Inc. | John-Paul Hanson | 10250 Constellation Blvd., 5th Floor | Los Angeles | CA | 90067 | 3/3/2015 | $150,000.00 | $0.00 |
| Houlihan Lokey Capital, Inc. | John-Paul Hanson | 10250 Constellation Blvd., 5th Floor | Los Angeles | CA | 90067 | 3/9/2015 | $19,918.98 | $0.00 |
| Intralinks, Inc. | 150 East 42nd Street | | New York | NY | 6/4/1927 | 2/19/2015 | $6,948.19 | $0.00 |
| James B. Taylor | Redacted | | | | | 3/2/2015 | $15,507.39 | $0.00 |
| Jason Eaton | Redacted | | | | | 12/29/2014 | $286.50 | $0.00 |
| Jason Eaton | Redacted | | | | | 1/12/2015 | $175.00 | $0.00 |
| Jason Eaton | Redacted | | | | | 1/15/2015 | $350.00 | $0.00 |
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 12/16/2014 | $12,124.23 | $0.00 |

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing |
|---|---|---|---|---|---|---|---|---|
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 12/31/2014 | $11,549.23 | $0.00 |
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 1/15/2015 | $12,367.79 | $0.00 |
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 1/31/2015 | $14,370.17 | $0.00 |
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 2/13/2015 | $384.62 | $0.00 |
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 2/17/2015 | $17,717.86 | $0.00 |
| John Hancock | 601 Congress St | | Boston | MA | 02210 | 3/2/2015 | $17,717.86 | $0.00 |
| John J. Lendrum III | Redacted | | | | | 12/29/2014 | $2,212.06 | $0.00 |
| John J. Lendrum III | Redacted | | | | | 3/2/2015 | $12,835.35 | $0.00 |
| Jones, Alicia | Redacted | | | | | 12/18/2014 | $1,464.11 | $0.00 |
| Jones, Alicia | Redacted | | | | | 2/27/2015 | $386.07 | $0.00 |
| Jones, Alicia | Redacted | | | | | 3/5/2015 | $172.21 | $0.00 |
| July Business Services | 400 Austin Ave | #1200 | Waco | TX | 76701 | 1/2/2015 | $255.41 | $0.00 |
| July Business Services | 400 Austin Ave | #1200 | Waco | TX | 76701 | 1/30/2015 | $255.41 | $0.00 |
| July Business Services | 400 Austin Ave | #1200 | Waco | TX | 76701 | 2/27/2015 | $255.41 | $0.00 |
| Kurtzman Carson Consultants | 2335 Alaska Ave. | | El Segundo | CA | 90245 | 2/20/2015 | $15,000.00 | $0.00 |
| Kurtzman Carson Consultants | 2335 Alaska Ave. | | El Segundo | CA | 90245 | 3/6/2015 | $7,500.00 | $0.00 |
| Lima Remisse | Av. Colonial No 1027 | Of. 502 Res. Los Alamos-Lima1 | Lima | Peru | | 12/23/2014 | $643.50 | $0.00 |
| Lima Remisse | Av. Colonial No 1027 | Of. 502 Res. Los Alamos-Lima1 | Lima | Peru | | 2/27/2015 | $125.00 | $0.00 |
| Maples and Calder BVI | Sea Meadow House | PO Box 173 | Road Town | Tortola, BVI | VG1110 | 12/23/2014 | $6,276.45 | $0.00 |
| Mayer Brown LLP | 2027 Collection Center Dr. | | Chicago | IL | 60693-0020 | 12/2/2014 | $11,329.25 | $0.00 |
| Mayer Brown LLP | 2027 Collection Center Dr. | | Chicago | IL | 60693-0020 | 2/27/2015 | $1,282.50 | $0.00 |
| MORRISON & FOERSTER LLP | 250 West 55th Street | | New York | NY | 10019-9601 | 12/5/2014 | $262,488.04 | $0.00 |
| MUTUAL OF OMAHA | Mutual of Omaha Plaza | | Omaha | NE | 68175 | 12/29/2014 | $3,571.92 | $0.00 |
| MUTUAL OF OMAHA | Mutual of Omaha Plaza | | Omaha | NE | 68175 | 1/22/2015 | $3,812.32 | $0.00 |
| MUTUAL OF OMAHA | Mutual of Omaha Plaza | | Omaha | NE | 68175 | 2/27/2015 | $2,501.48 | $0.00 |
| Netherland, Sewell & Associates, Inc. | 2100 Ross Avenue Suite 2200 | | Dallas | TX | 75201 | 1/12/2015 | $31,897.15 | $0.00 |
| Netherland, Sewell & Associates, Inc. | 2100 Ross Avenue Suite 2200 | | Dallas | TX | 75201 | 2/27/2015 | $145,980.70 | $0.00 |
| NYSE MARKET, INC | BOX #223695 | | PITTSBURGH | PA | 15251-2695 | 12/18/2014 | $74.00 | $0.00 |
| NYSE MARKET, INC | BOX #223695 | | PITTSBURGH | PA | 15251-2695 | 1/22/2015 | $74.00 | $0.00 |
| NYSE MARKET, INC | BOX #223695 | | PITTSBURGH | PA | 15251-2695 | 2/09/2015 | $68.00 | $0.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | 3/4/2015 | $50,000.00 | $0.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | 3/4/2015 | $353,930.89 | $0.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | 3/5/2015 | $10,920.00 | $0.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | 3/5/2015 | $290,520.92 | $0.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | 3/6/2015 | $7,788.49 | $0.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | 3/6/2015 | $57,164.15 | $0.00 |

**In Re: BPZ Resources, Inc.**
**Case No. 15-60016**
Attachment 3b
Payments to creditors

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing |
|---|---|---|---|---|---|---|---|---|
| Oswaldo Salazar | Redacted | | | | | 2/19/2015 | $1,441.86 | $0.00 |
| Payet, Rey, Cauvi S. Civil de R. L. | Torre Real Tres, Piso 12 | Victor A. Belaunde 147 | San Isidro | Peru | 15073 | 2/6/2015 | $1,400.00 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 12/12/2014 | $155.18 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 12/12/2014 | $42,731.36 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 12/12/2014 | $108,425.94 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 12/30/2014 | $148.32 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 12/30/2014 | $40,552.67 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 12/30/2014 | $105,168.74 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 1/14/2015 | $59,848.99 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 1/14/2015 | $102,840.19 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 1/15/2015 | $166.72 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 1/29/2015 | $55,554.83 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 1/29/2015 | $100,823.27 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 1/31/2015 | $484.80 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/9/2015 | $69.43 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/9/2015 | $1,345.86 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/9/2015 | $4,112.15 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/12/2015 | $69.43 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/12/2015 | $134.60 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/12/2015 | $8,789.96 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/12/2015 | $48,707.88 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/12/2015 | $89,056.06 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/18/2015 | $35.00 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/18/2015 | $66.00 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/18/2015 | $1,802.55 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/18/2015 | $4,066.64 | $0.00 |
| PaySystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/18/2015 | $4,208.56 | $0.00 |
| Paysystems of America | 1321 Murfreesboro Road | Suite 100 | Nashville | TN | 37217 | 2/25/2015 | $456,832.54 | $0.00 |
| PLATINUM PARKING COMPANY | McKinney Place | 930 Main St. | Houston | TX | 77002 | 12/22/2015 | $1,748.24 | $0.00 |
| PLATINUM PARKING COMPANY | McKinney Place | 930 Main St. | Houston | TX | 77002 | 1/16/2015 | $1,737.42 | $0.00 |
| PLATINUM PARKING COMPANY | McKinney Place | 930 Main St. | Houston | TX | 77002 | 2/13/2015 | $1,618.34 | $0.00 |
| Raymond James & Brokerage Co. | 580 Westlake Park Blvd. | Suite 500 | Houston | TX | 77079 | 1/7/2015 | $8,613.49 | $0.00 |
| RDG FILINGS | 3450 3rd St. | #3-F | San Fransisco | CA | 94124 | 1/22/2015 | $5,325.00 | $0.00 |
| Rick Menniti | Redacted | | | | | 12/29/2014 | $793.70 | $0.00 |
| Rick Menniti | Redacted | | | | | 2/5/2015 | $3,189.38 | $0.00 |
| Rick Menniti | Redacted | | | | | 2/13/2015 | $1,024.68 | $0.00 |
| Rick Menniti | Redacted | | | | | 2/27/2015 | $310.22 | $0.00 |
| Robert Sovine | Redacted | | | | | 6/2/2015 | $11,451.61 | $0.00 |

**In Re: BPZ Resources, Inc.**
**Case No. 15-60016**
Attachment 3b
Payments to creditors

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing |
|---|---|---|---|---|---|---|---|---|
| Sara Lindholm | 4211 Mill Oaks Dr. | | Houston | TX | 77084 | 12/12/2014 | $300.00 | $0.00 |
| Sara Lindholm | 4211 Mill Oaks Dr. | | Houston | TX | 77084 | 2/13/2015 | $4,510.66 | $0.00 |
| Sarah Silva | Redacted | | | | | 12/12/2014 | $300.00 | $0.00 |
| Seyfarth Shaw LLP | 700 Milam Street | Suite 1400 | Houston | TX | 77002 | 12/12/2014 | $13,708.75 | $0.00 |
| Seyfarth Shaw LLP | 700 Milam Street | Suite 1400 | Houston | TX | 77002 | 12/29/2014 | $5,100.00 | $0.00 |
| Seyfarth Shaw LLP | 700 Milam Street | Suite 1400 | Houston | TX | 77002 | 1/30/2015 | $33,030.00 | $0.00 |
| Seyfarth Shaw LLP | 700 Milam Street | Suite 1400 | Houston | TX | 77002 | 2/27/2015 | $38,726.70 | $0.00 |
| Seyfarth Shaw LLP | 700 Milam Street | Suite 1400 | Houston | TX | 77002 | 3/6/2015 | $62,431.25 | $0.00 |
| SHAREHOLDER.COM | One Liberty Plaza | 165 Broadway | New York | NY | 10006 | 12/16/2014 | $1,687.88 | $0.00 |
| SHAREHOLDER.COM | One Liberty Plaza | 165 Broadway | New York | NY | 10006 | 2/19/2015 | $28,298.31 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/12/2015 | $93.50 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/12/2015 | $1,620.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/14/2015 | $270.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/16/2015 | $270.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/20/2015 | $540.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/22/2015 | $93.50 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/23/2015 | $810.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/26/2015 | $810.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/29/2015 | $270.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 1/30/2015 | $1,080.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 2/3/2015 | $1,305.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 2/5/2015 | $435.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 2/18/2015 | $435.00 | $0.00 |
| Sheakley Pension Administration | ONE SHEAKLEY WAY | | CINCINNATI | OH | 45246 | 2/27/2015 | $435.00 | $0.00 |
| SMC Ecuador | 580 Westlake Park Blvd. | Suite 525 | Houston | TX | 77079 | 1/5/2015 | $24,275.39 | $0.00 |
| SMC Ecuador | 580 Westlake Park Blvd. | Suite 525 | Houston | TX | 77079 | 2/3/2015 | $24,325.39 | $0.00 |
| SOLIUM CAPITAL LLC | 60 E. Rio Salado Pkwy | Suite 510 | Tempe | AZ | 85281 | 12/23/2014 | $2,067.58 | $0.00 |
| SOLIUM CAPITAL LLC | 60 E. Rio Salado Pkwy | Suite 510 | Tempe | AZ | 85281 | 1/22/2015 | $1,977.58 | $0.00 |
| Spies, Richard | Redacted | | | | | 1/16/2015 | $3,231.33 | $0.00 |
| Stephen Brand | Redacted | | | | | 3/2/2015 | $12,453.63 | $0.00 |
| Stephen C. Beasley | Redacted | | | | | 3/2/2015 | $12,358.20 | $0.00 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | 12/12/2014 | $67,232.61 | $0.00 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | 2/2/2015 | $500,000.00 | $0.00 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | 3/5/2015 | $366,620.51 | $0.00 |

**In Re: BPZ Resources, Inc.**
**Case No. 15-60016**
Attachment 3b
Payments to creditors

| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid | Amount still owing |
|---|---|---|---|---|---|---|---|---|
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | 3/9/2015 | $175,000.00 | $0.00 |
| TEXAS MUTUAL INSURANCE COMPANY | 6210 EAST HIGHWAY 290 | | AUSTIN | TX | 78723-1098 | 1/12/2015 | $910.60 | $0.00 |
| TEXAS MUTUAL INSURANCE COMPANY | 6210 EAST HIGHWAY 290 | | AUSTIN | TX | 78723-1098 | 2/5/2015 | $910.60 | $0.00 |
| TEXAS MUTUAL INSURANCE COMPANY | 6210 EAST HIGHWAY 290 | | AUSTIN | TX | 78723-1098 | 3/5/2015 | $910.60 | $0.00 |
| T-Mobile | P.O. Box 660252 | | Dallas | TX | 75266-0252 | 12/12/2014 | $2,491.66 | $0.00 |
| T-Mobile | P.O. Box 660252 | | Dallas | TX | 75266-0252 | 1/12/2015 | $2,344.73 | $0.00 |
| T-Mobile | P.O. Box 660252 | | Dallas | TX | 75266-0252 | 2/13/2015 | $2,507.03 | $0.00 |
| UNITED AIRLINES | PO Box 06649 | | Chicago | IL | 60606-0649 | 12/23/2014 | $7,849.70 | $0.00 |
| UNITED AIRLINES | PO Box 06649 | | Chicago | IL | 60606-0649 | 1/26/2015 | $1,852.26 | $0.00 |
| United Airlines | PO Box 06649 | | Chicago | IL | 60606-0649 | 2/26/2015 | $12,685.79 | $0.00 |
| United Healthcare | DEPT. CH 10151 | | PALATINE | IL | 6055-0151 | 12/29/2014 | $29,362.21 | $0.00 |
| United Healthcare | DEPT. CH 10151 | | PALATINE | IL | 6055-0151 | 1/22/2015 | $29,522.77 | $0.00 |
| United Healthcare | DEPT. CH 10151 | | PALATINE | IL | 6055-0151 | 2/27/2015 | $15,237.59 | $0.00 |
| Wells Fargo Bank | 750 North St. Paul Place, Suite 1750 | MAC T9263-170 | Dallas | TX | 75201 | 3/5/2015 | $11,000.00 | $0.00 |

Case 15-60016 Document 38 Filed in TXSB on 04/22/15 Page 25 of 33

| Name of payee | Address 1 | Address 2 | City | State | Zip | Name of payor if other than debtor | Date of payment | Amount of money |
|---|---|---|---|---|---|---|---|---|
| Akin Gump Strauss Hauer & Feld, LLP | One Bryant Park | Bank of America Tower | New York | NY | 10036-6745 | | 1/9/2015 | $125,000.00 |
| Akin Gump Strauss Hauer & Feld, LLP | One Bryant Park | Bank of America Tower | New York | NY | 10036-6745 | | 1/26/2015 | $65,701.00 |
| Akin Gump Strauss Hauer & Feld, LLP | One Bryant Park | Bank of America Tower | New York | NY | 10036-6745 | | 2/10/2015 | $162,534.50 |
| Akin Gump Strauss Hauer & Feld, LLP | One Bryant Park | Bank of America Tower | New York | NY | 10036-6745 | | 3/5/2015 | $400,366.11 |
| Blackstone Advisory Partners L.P. | 345 Park Avenue | | New York | NY | 10154 | | 2/12/2015 | $320,000.00 |
| Blackstone Advisory Partners L.P. | 345 Park Avenue | | New York | NY | 10154 | | 3/3/2015 | $150,000.00 |
| Blackstone Advisory Partners L.P. | 345 Park Avenue | | New York | NY | 10154 | | 3/5/2015 | $11,844.33 |
| Hawash Meade Gaston Neese & Cicack LLP | 2118 Smith Street | | Houston | TX | 77002 | | 2/25/2015 | $10,000.00 |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd., 5th Floor | | Los Angeles | CA | 90067 | | 1/5/2015 | $150,000.00 |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd., 5th Floor | | Los Angeles | CA | 90067 | | 1/8/2015 | $15,236.46 |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd., 5th Floor | | Los Angeles | CA | 90067 | | 2/3/2015 | $150,000.00 |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd., 5th Floor | | Los Angeles | CA | 90067 | | 2/12/2015 | $8,948.63 |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd., 5th Floor | | Los Angeles | CA | 90067 | | 3/3/2015 | $150,000.00 |
| Houlihan Lokey Capital, Inc. | 10250 Constellation Blvd., 5th Floor | | Los Angeles | CA | 90067 | | 3/9/2015 | $19,918.98 |
| Intralinks, Inc. | 150 East 42nd Street | | New York | NY | 10017 | | 2/19/2015 | $6,948.19 |
| Kurtzman Carson Consultants | 2335 Alaska Ave. | | El Segundo | CA | 90245 | | 2/20/2015 | $15,000.00 |
| Kurtzman Carson Consultants | 2335 Alaska Ave. | | El Segundo | CA | 90245 | | 3/6/2015 | $7,500.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | | 2/4/2015 | $50,000.00 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | | 3/4/2015 | $353,930.89 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | | 3/5/2015 | $290,520.92 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | | 3/6/2015 | $7,788.49 |
| Opportune LLP | 711 Louisiana Street | Suite 3100 | Houston | TX | 77002 | | 3/6/2015 | $57,164.15 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | | 12/12/2014 | $67,232.61 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | | 2/2/2015 | $500,000.00 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | BPZ ENERGY LLC | 2/20/2015 | $216,752.36 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | | 3/5/2015 | $366,620.51 |
| Stroock & Stroock & Lavan LLP | 180 Maiden Lane | | New York | NY | 10038-4982 | | 3/9/2015 | $175,000.00 |

Case 15-60016    Document 138    Filed in TXSB on 04/22/15    Page 26 of 33

| Name | Taxpayer I.D. number | Address 1 | Address 2 | City | State | Zip | Nature of business | Beginning and ending dates of operation |
|------|------|------|------|------|------|------|------|------|
| BPZ Energy Ecuador Cia Ltda. | | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Dissolved | November 27, 2006 to April 1, 2014 |
| BPZ Energy International Holdings L.P. | 98-0614622 | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | A British Virgin Islands limited partnership which owns a 45% interest in BPZ Exploration & Produccion, S.R.L, the Peruvian entity. | 12/31/08 to present |
| BPZ Marine Inc. | 16-1760937 | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Inactive Texas corporation. | 12/31/08 to present |
| BPZ U.S. Holdings, LLC | 80-0364541 | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Non –operating holding limited liability company formed in Texas. | 12/31/08 to present |
| SMC Ecuador, Inc. | 76-0549919 | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | A Delaware corporation that holds a 10% net profits interests an oil and gas producing property in Ecuador and maintains an Ecuadorian branch office. | 12/31/08 to present |
| Zenyatta Business Corp. | | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Dissolved | December 18, 2009 to October 12, 2011 |

| Name | Address 1 | City | State | Zip | Title | Nature and percentage of stock ownership |
|---|---|---|---|---|---|---|
| Blackrock, Inc. | 40 East 52nd Street | New York | NY | 10022 | Shareholder | 6.50% |
| Dennis Strauch | Redacted | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | less than 5% |
| International Finance Corporation | 2121 Pennsylvania Avenue, N.W. | Washington | DC | 20433 | Shareholder | 9.30% |
| J. Durkin Ledgard | Redacted | | | | Chief Legal Commercial & Administrative Officer and Corporate Secretary | less than 5% |
| James Taylor | Redacted | | | | Chairman and Member of Technical Committee | less than 5% |
| Jerelyn Eagan | Redacted | | | | Director, Member of Audit Committee and Member of Compensation Committee | less than 5% |
| John Lendrum | Redacted | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | less than 5% |
| Manuel Zúñiga-Pflücker | Redacted | | | | Chief Executive Officer, President and Director | 5.20% |
| Richard Menniti | Redacted | | | | Chief Financial Officer and Principal Accounting Officer | less than 5% |
| Richard Spies | Redacted | | | | Director and Member of Technical Committee | less than 5% |
| Robert Sovine | Redacted | | | | Director, Chairman of Nominating & Corporate Governance Committee and Member of Compensation Committee | less than 5% |
| Stephen Beasley | Redacted | | | | Director, Chairman of Compensation Committee and Member of Audit Committee | less than 5% |
| Stephen Brand | Redacted | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | less than 5% |

Case 15-60016    Document 138    Filed in TXSB on 04/22/15    Page 28 of 33

**In Re: BPZ Resources, Inc.**
**Case No. 15-60016**
Attachment 23
Withdrawals from a partnership or distributions by a corporation

| Name | Address 1 | Address 2 | City | State | Zip | Relationship to Debtor | Date of distribution | Purpose of distribution | Amount of distribution |
|---|---|---|---|---|---|---|---|---|---|
| BPZ Energy LLC | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Indirect Subsidiary | 7/1/2014 | Intercompany Transfers | $100,000.00 |
| BPZ Exploracion & Produccion, S.R.L. | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Indirect Subsidiary | 9/30/2014 | Intercompany Transfers | $4,130,406.58 |
| BPZ Exploracion & Produccion, S.R.L. | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Indirect Subsidiary | 1/27/2015 | Intercompany Transfers | $6,000,000.00 |
| BPZ Exploracion & Produccion, S.R.L. | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Indirect Subsidiary | 3/4/2015 | Intercompany Transfers | $7,160,000.00 |
| Dennis Strauch | Redacted | | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | 4/17/2014 | Q1 2014 BOD Fees | $15,187.50 |
| Dennis Strauch | Redacted | | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | 6/13/2014 | Q2 2014 BOD Fees | $15,187.50 |
| Dennis Strauch | Redacted | | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | 9/12/2014 | Q3 2014 BOD Fees | $15,187.50 |
| Dennis Strauch | Redacted | | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | 12/5/2014 | Q4 2014 BOD Fees | $14,062.50 |
| Dennis Strauch | Redacted | | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | 12/29/2014 | Expenses | $667.55 |
| Dennis Strauch | Redacted | | | | | Director, Member of Nominating & Corporate Governance Committee and Member of Technical Committee | 3/2/2015 | Q1 2015 BOD | $10,735.89 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 3/28/2014 | Expense Reimbursement | $1,195.79 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 4/11/2014 | Expense Reimbursement | $1,582.88 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 5/13/2014 | Expense Reimbursement | $350.78 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 5/30/2014 | Expense Reimbursement | $280.00 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 6/19/2014 | Expense Reimbursement | $1,008.59 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 7/11/2014 | Expense Reimbursement | $381.96 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 8/8/2014 | Expense Reimbursement | $884.34 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 8/15/2014 | Expense Reimbursement | $1,479.84 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 9/19/2014 | Expense Reimbursement | $713.73 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 10/31/2014 | Expense Reimbursement | $375.06 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | 11/20/2014 | Expense Reimbursement | $705.05 |

Case 15-60016 Document 389 Filed in TXSB on 04/27/15 Page 29 of 33

| Name | Address 1 | Address 2 | City | State | Zip | Relationship to Debtor | Date of distribution | Purpose of distribution | Amount of distribution |
|---|---|---|---|---|---|---|---|---|---|
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | Various | Salary | $182,291.73 |
| Estuardo Alvarez-Calderon | Redacted | | | | | Employee & relative of Manuel Zúñiga-Pflücker, CEO | Various | Bonus | $62,500.00 |
| J. Durkin Ledgard | Redacted | | | | | Chief Legal Commercial & Administrative Officer and Corporate Secretary | 3/13/2014 | Bonus | $162,000.00 |
| J. Durkin Ledgard | Redacted | | | | | Chief Legal Commercial & Administrative Officer and Corporate Secretary | Various | Salary | $300,000.00 |
| J. Durkin Ledgard | Redacted | | | | | Chief Legal Commercial & Administrative Officer and Corporate Secretary | Various | Expenses | $94,563.28 |
| James Taylor | Redacted | | | | | Chairman and Member of Technical Committee | 4/17/2014 | Q1 2014 BOD Fees | $20,312.50 |
| James Taylor | Redacted | | | | | Chairman and Member of Technical Committee | 6/13/2014 | Q2 2014 BOD Fees | $20,312.50 |
| James Taylor | Redacted | | | | | Chairman and Member of Technical Committee | 9/12/2014 | Q3 2014 BOD Fees | $20,312.50 |
| James Taylor | Redacted | | | | | Chairman and Member of Technical Committee | 12/5/2014 | Q4 2014 BOD Fees | $19,750.00 |
| James Taylor | Redacted | | | | | Chairman and Member of Technical Committee | 3/2/2015 | Q1 2015 BOD | $15,507.39 |
| Jerelyn Eagan | Redacted | | | | | Director, Member of Audit Committee and Member of Compensation Committee | 4/17/2014 | Q1 2014 BOD Fees | $14,562.50 |
| Jerelyn Eagan | Redacted | | | | | Director, Member of Audit Committee and Member of Compensation Committee | 6/13/2014 | Q2 2014 BOD Fees | $14,562.50 |
| Jerelyn Eagan | Redacted | | | | | Director, Member of Audit Committee and Member of Compensation Committee | 9/12/2014 | Q3 2014 BOD Fees | $14,562.50 |
| Jerelyn Eagan | Redacted | | | | | Director, Member of Audit Committee and Member of Compensation Committee | 12/5/2014 | Q4 2014 BOD Fees | $14,562.50 |
| John Lendrum | Redacted | | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | 4/17/2014 | Q1 2014 BOD Fees | $16,812.50 |
| John Lendrum | Redacted | | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | 6/13/2014 | Q2 2014 BOD Fees | $16,812.50 |
| John Lendrum | Redacted | | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | 9/12/2014 | Q3 2014 BOD Fees | $16,812.50 |
| John Lendrum | Redacted | | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | 12/5/2014 | Q4 2014 BOD Fees | $16,812.50 |
| John Lendrum | Redacted | | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | 3/2/2015 | Q1 2015 BOD | $12,835.35 |
| John Lendrum | Redacted | | | | | Director, Chairman of Audit Committee and Member of Nominating & Corporate Governance Committee | Various | Expenses | $2,319.20 |
| Manuel Zúñiga-Pflücker | Redacted | | | | | Chief Executive Officer, President and Director | 3/13/2014 | Bonus | $259,200.00 |

Case 15-60016 Document 115 Filed in TXSB on 04/22/15 Page 30 of 33

| Name | Address 1 | Address 2 | City | State | Zip | Relationship to Debtor | Date of distribution | Purpose of distribution | Amount of distribution |
|---|---|---|---|---|---|---|---|---|---|
| Manuel Zúñiga-Pflücker | Redacted | | | | | Chief Executive Officer, President and Director | Various | Salary | $480,000.00 |
| Richard Menniti | Redacted | | | | | Chief Financial Officer and Principal Accounting Officer | 3/13/2014 | Bonus | $165,000.00 |
| Richard Menniti | Redacted | | | | | Chief Financial Officer and Principal Accounting Officer | Various | Salary | $300,000.00 |
| Richard Menniti | Redacted | | | | | Chief Financial Officer and Principal Accounting Officer | Various | Expenses | $69,530.81 |
| Richard Spies | Redacted | | | | | Director and Member of Technical Committee | 4/17/2014 | Q1 2014 BOD Fees | $13,500.00 |
| Richard Spies | Redacted | | | | | Director and Member of Technical Committee | 5/2/2014 | Q4 2013 BOD Fees | $13,500.00 |
| Richard Spies | Redacted | | | | | Director and Member of Technical Committee | 6/13/2014 | Q2 2014 BOD Fees | $13,500.00 |
| Richard Spies | Redacted | | | | | Director and Member of Technical Committee | 9/12/2014 | Q3 2014 BOD Fees | $13,500.00 |
| Richard Spies | Redacted | | | | | Director and Member of Technical Committee | 12/5/2014 | Q4 2014 BOD Fees | $13,500.00 |
| Richard Spies | Redacted | | | | | Director and Member of Technical Committee | Various | Expenses | $5,730.16 |
| Robert Sovine | Redacted | | | | | Director, Chairman of Nominating & Corporate Governance Committee and Member of Compensation Committee | 9/12/2014 | Q3 2014 BOD Fees | $9,250.00 |
| Robert Sovine | Redacted | | | | | Director, Chairman of Nominating & Corporate Governance Committee and Member of Compensation Committee | 12/5/2014 | Q4 2014 BOD Fees | $10,375.00 |
| Robert Sovine | Redacted | | | | | Director, Chairman of Nominating & Corporate Governance Committee and Member of Compensation Committee | 3/2/2015 | Q1 2015 BOD Fees | $11,451.61 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 3/14/2014 | Intercompany Transfer | $25,437.00 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 4/2/2014 | Intercompany Transfer | $56,461.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 5/1/2014 | Intercompany Transfer | $29,361.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 5/30/2014 | Intercompany Transfer | $25,022.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 7/2/2014 | Intercompany Transfer | $44,961.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 8/4/2014 | Intercompany Transfer | $21,161.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 9/3/2014 | Intercompany Transfer | $46,561.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 10/2/2014 | Intercompany Transfer | $21,161.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 11/5/2014 | Intercompany Transfer | $20,961.42 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 12/3/2014 | Intercompany Transfer | $21,161.42 |

Case 15-60016 Document 112 Filed in TXSB on 04/22/15 Page 31 of 33

| Name | Address 1 | Address 2 | City | State | Zip | Relationship to Debtor | Date of distribution | Purpose of distribution | Amount of distribution |
|---|---|---|---|---|---|---|---|---|---|
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 1/5/2015 | Intercompany Transfer | $24,275.39 |
| SMC Ecuador | Two Westlake Building | 580 Westlake Park Blvd., Suite 525 | Houston | TX | 77079 | Direct Subsidiary | 2/3/2015 | Intercompany Transfer | $24,325.39 |
| Stephen Beasley | Redacted | | | | | Director, Chairman of Compensation Committee and Member of Audit Committee | 4/17/2014 | Q1 2014 BOD Fees | $16,187.50 |
| Stephen Beasley | Redacted | | | | | Director, Chairman of Compensation Committee and Member of Audit Committee | 6/13/2014 | Q2 2014 BOD Fees | $16,187.50 |
| Stephen Beasley | Redacted | | | | | Director, Chairman of Compensation Committee and Member of Audit Committee | 9/12/2014 | Q3 2014 BOD Fees | $16,187.50 |
| Stephen Beasley | Redacted | | | | | Director, Chairman of Compensation Committee and Member of Audit Committee | 12/5/2014 | Q4 2014 BOD Fees | $16,187.50 |
| Stephen Beasley | Redacted | | | | | Director, Chairman of Compensation Committee and Member of Audit Committee | 3/2/2015 | Q1 2015 BOD | $12,358.20 |
| Stephen Brand | Redacted | | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | 4/17/2014 | Q1 2014 BOD Fees | $16,312.50 |
| Stephen Brand | Redacted | | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | 6/13/2014 | Q2 2014 BOD Fees | $16,312.50 |
| Stephen Brand | Redacted | | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | 9/12/2014 | Q3 2014 BOD Fees | $16,312.50 |
| Stephen Brand | Redacted | | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | 12/5/2014 | Q4 2014 BOD Fees | $16,312.50 |
| Stephen Brand | Redacted | | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | 3/2/2015 | Q1 2015 BOD | $12,453.63 |
| Stephen Brand | Redacted | | | | | Director, Chairman of Technical Committee and Member of Compensation Committee | Various | Expenses | $2,165.20 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS, VICTORIA**

**In re: BPZ Resources, Inc.**                                                                                    **Case No. 15-60016 (DRJ)**

## Declaration Concerning Debtor's Statement of Financial Affairs

I, J. Durkin Ledgard, Chief Legal Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  _4 . 22 . 15_

Signature  _J. Durkin Ledgard_

**J. Durkin Ledgard**

**Chief Legal Officer**

--------------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**