IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BPZ Resources, Inc., | § | Case No.: 15-60016 |
| | § | |
| | § | |
| Debtor. | § | |

**CERTIFICATION OF DAVID HARTIE WITH RESPECT TO THE TABULATION OF VOTES ON THE SECOND AMENDED PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

I, David Hartie, depose and say under penalty of perjury:

1. I am employed as a Managing Director of Public Securities Services with Kurtzman Carson Consultants LLC ("KCC"), located at 1290 Avenue of the Americas, 9th Floor, New York, NY 10104. I am over the age of 18 and not a party to this action.

2. On March 26, 2015, the Court entered the *Order Authorizing the Retention and Appointment of Kurtzman Carson Consultants LLC as Noticing and Balloting Agent for the Debtor* [Docket No. 87].

3. On October 1, 2015, the Court entered the *Order (I) Conditionally Approving Disclosure Statement and Combining the Hearing on the Chapter 11 Plan and the Disclosure Statement; (II) Approving Publication Notice; (III) Fixing Record Sate for Voting; (IV) Setting Deadlines to Vote on Plan and Object to Plan and Disclosure Statement; (V) Approving Plan Solicitation Package and Voting Procedures; and (VI) Granting Related Relief* [Docket No. 344] (the "Disclosure Statement Order") establishing, among other things, certain solicitation and voting tabulation procedures.

4. KCC worked with the Debtor's counsel to solicit votes to accept or reject the

1

*Second Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 345] (the "Plan") and to tabulate the ballots of creditors voting to accept or reject the Plan. Except as otherwise noted, I could and would testify to the following based upon my personal knowledge. I am authorized to submit this Certification on behalf of KCC.

5. KCC has considerable experience in soliciting and tabulating votes to accept or reject proposed chapter 11 plans.

### A. Service and Transmittal of Solicitation Packages and Related Information

6. On October 8 and 9, 2015, KCC caused to be served Solicitation Packages[1] on all members of Class 3 (Individual Ballot, Noteholder Ballot, Master Ballot, and Register Holder Ballot) in accordance with the Disclosure Statement Order. Additionally, KCC caused to be served the Non-Voting Creditor Notice or the Combined Hearing Notice on the creditor matrix and all other parties required to receive such notice pursuant to the Disclosure Statement Order. A Certificate of Service evidencing the service of the foregoing was filed with the Court on October 21, 2015 [Docket No. 359].

### B. The Tabulation Process

7. The Disclosure Statement Order established October 1, 2015 as the record date (the "Voting Record Date") for determining which creditors and holders of interests were entitled to receive Solicitation Packages and, where applicable, vote on the Plan. Pursuant to the Disclosure Statement Order, only holders of claims in Class 3 (the "Voting Class") were entitled to vote to accept or reject the Plan.

8. Pursuant to the Disclosure Statement Order, KCC relied on the Debtor's Schedules of Assets and Liabilities, the claims information pertaining to the Debtor's Chapter 11

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order.

Cases as reflected in KCC's systems and information provided by Wells Fargo N.A., as indenture trustee, with respect to the 6.5% and 8.5% Senior Unsecured Notes (the "Class 3 Notes") in order to identify the holders of Class 3 General Unsecured Claims entitled to vote to accept or reject the Plan.

9. Additionally, with respect to the Class 3 Notes, KCC relied on the security position reports provided by The Depository Trust Company ("DTC"), as of the Voting Record Date, to identify the Nominees of the beneficial holders of Class 3 Notes Claims entitled to receive Solicitation Packages and vote to accept or reject the Plan.

10. Using the information outlined above, in accordance with the Disclosure Statement Order and with specific guidance and approval from Debtor's counsel, KCC created a voting database reflecting the names of holders in the Voting Class, addresses of such holders, voting amounts and classification of Claims in the Voting Class.

11. Using its KCC CaseView voting database ("KCC CaseView"), KCC generated ballots for holders of claims entitled to vote to accept or reject the Plan. The Disclosure Statement Order established November 6, 2015 at 4:00 p.m. (Central Time) as the deadline for receiving ballots to accept or reject the Plan (the "Voting Deadline").

12. For Class 3 Notes Claims, KCC provided Solicitation Packages containing the appropriate Ballot to the banks and brokerage firms appearing on the Security Position Reports provided by DTC (the "Nominees") or the Nominee's agent Broadridge, Mediant Communications or INVeSHARE, for subsequent forwarding to the underlying beneficial holders of Class 3 Notes Claims. KCC also provided Master Ballots to each Nominee, or their agent, for their use in reporting the voting of the underlying beneficial owners.

13. Pursuant to the Disclosure Statement Order, KCC received and tabulated Class 3

ballots as follows: (a) all returned ballots were opened and inspected at KCC's office; (b) all ballots were date-stamped and scanned into KCC CaseView; and (c) all ballots received on or before the Voting Deadline were then entered into KCC CaseView and tabulated in accordance with the tabulation rules outlined in the Disclosure Statement Order.  KCC did not receive any ballots from those entities identified as holders of Class 3 - Non-Noteholder General Unsecured Claims.

14. For the Class 3 Notes Claims, Beneficial Holder votes represented by Master Ballots submitted by the Nominees or their agents were tabulated against the Record Date security position amount appearing for each Nominee as listed on the security position reports provided by DTC.  In the case of those certain registered holders of 6.5% Senior Unsecured Notes in Class 3, their ballots were tabulated against their voting amount appearing on the records as provided by Wells Fargo, N.A.

15. Set forth below is a summary of the voting results with respect to the Voting Class tabulated on a consolidated basis:

| **Total Ballots Received** | | | |
|---|---|---|---|
| **Accept** | | **Reject** | |
| **Number** | **Amount** | **Number** | **Amount** |
| Class 3 – General Unsecured Claims | | | |
| 244 (100%) | $166,256,485.00 (100%) | 0 (0%) | $0.00 (0%) |

C.   **The Unacceptable Ballots**

16.   Pursuant to the Debtor's *First Omnibus Objection to Certain "Equity" Claims* [Docket No. 358], ballots submitted by Henry Zeng and Kerry Humphrey were not included in the tabulation above because they did not satisfy the requirements for a valid ballot as set forth in the Disclosure Statement Order for the reasons described below:

    a.   Improper Ballot Form    Ballot cast by an entity not entitled to vote.

## Conclusion

To the best of my knowledge, information and belief, the foregoing information concerning the distribution, submission and tabulation of ballots in connection with the Plan is true. The ballots received by KCC are stored at KCC's office and are available for inspection by or submission to this Court.

Dated: November 9, 2015

_____
David Hartie